**Darrell PARKS, Appellant**

v.

**A. JORDAN, Discipline Hearing Officer**

**No. 16-3117**

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 November 3, 2016

Opinion filed: November 21, 2016

Darrell Parks, Pro Se

Joanne M. Hoffman, Esq., Office of
United States Attorney, Scranton, PA,
Mark E. Morrison, Esq., Office of United
States Attorney, Harrisburg, PA, for De-
fendant-Appellee

Before: AMBRO, GREENAWAY, JR.
and SCIRICA, Circuit Judges

OPINION *

PER CURIAM

Darrell Parks, a federal inmate, appeals
an order of the District Court denying his
motion under Federal Rule of Civil Proce-
dure 60(b) to reopen habeas proceedings
brought pursuant to 28 U.S.C. § 2241. For
the reasons that follow, we will summarily
affirm.

In 2013, Parks filed a § 2241 petition
alleging that his due process rights were

violated in connection with a disciplinary
hearing at which he was found to have
committed the violation of "Engaging in a
Sexual Act." Although the disciplinary
hearing did not result in the loss of any
good time credits, Parks alleged that the
sanctions imposed resulted in the denial of
parole. The District Court denied the peti-
tion on the merits. Parks appealed. We
concluded that the District Court should
have dismissed the petition without preju-
dice for lack of jurisdiction, and we af-
firmed the judgment as modified on that
basis. Parks v. Jordan, 573 Fed.Appx. 233,
235–36 (3d Cir. 2014) (not precedential)
(quoting Wilkinson v. Dotson, 544 U.S. 74,
82, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005),
for the proposition that an attack on parole
proceedings does not lie at "the core of
habeas corpus" where success "does not
mean immediate release from confinement
or a shorter stay in prison" but rather, "at
most [means] new eligibility review, which
at most will speed consideration of [pa-
role].").

In May 2016, Parks filed a motion to
reopen, citing Rules 60(b)(2) and 60(b)(6).
He asserted that a decision denying parole
on November 9, 2015, constituted "newly
discovered evidence" and that the District
Court should have treated his petition as
raising civil rights claims. The District
Court denied the motion, holding that it
was untimely under Rule 60(b)(2) and that
Parks failed to demonstrate extraordinary
circumstances under Rule 60(b)(6). Parks
appealed.

We have jurisdiction under 28 U.S.C.
§ 1291, and our review is for abuse of
discretion. Budget Blinds, Inc. v. White,
536 F.3d 244, 251 (3d Cir. 2008). We may
summarily affirm if the appeal presents no

---

* This disposition is not an opinion of the full
  Court and pursuant to I.O.P. 5.7 does not

constitute binding precedent.

substantial question. See 3d Cir. LAR 27.4; I.O.P. 10.6.

A Rule 60(b)(2) motion grounded on newly discovered evidence must be filed within one year after judgment is entered. See Fed. R. Civ. Pro. 60(c)(1). Here, the District Court's judgment was entered on February 7, 2014. Parks filed the Rule 60(b) motion over two years later, in May 2016. Under these circumstances, we conclude that the District Court properly determined that Parks' request for relief under Rule 60(b)(2) was time-barred. But even if the motion were considered timely, Parks would not be entitled to 60(b) relief based on the November 9, 2015 decision denying parole. As we explained in our prior decision, the "fact that the disciplinary infraction *may* affect Parks' chances at parole is insufficient to bring his due process claims within the ambit of habeas." Parks, 573 Fed.Appx. at 235. Notably, the November 9, 2015 parole decision was based on three disciplinary infractions, only one of which Parks seeks to challenge here.

We also agree that Parks was not entitled to Rule 60(b)(6) relief based on his assertion that the District Court should have construed his § 2241 petition as raising civil rights claims. According to Parks, the District Court failed to adjudicate claims in his § 2241 for "retaliation, freedom of speech, and the constitutionally of 28 Code of Federal Regulation § 541.8(f)." Relief under Rule 60(b)(6) is "available only in cases evidencing extraordinary circumstances." Martinez–McBean v. Gov't of V.I., 562 F.2d 908, 911 (3d Cir. 1977) (internal quotation marks and citation omitted). Parks' contention that the District Court misconstrued arguments raised in his habeas petition was a matter for appeal, and is not an "extraordinary circumstance" warranting relief under Rule 60(b)(6). We note that we previously ad-

vised Parks that "[d]ismissal [of his § 2241 petition] should be without prejudice to [his] ability to pursue his claims in a civil rights action pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971)." Parks, 573 Fed.Appx. at 236. Parks does not indicate whether he filed such an action.

Because we conclude that the District Court did not abuse its discretion in denying Parks' motion for reconsideration, we will summarily affirm the District Court's judgment.